## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSEPH CUSIMANO and JAMES SCHULTZ,** *on behalf of themselves and others similarly situated*, | |
| **Plaintiff,** | Case No: |
| **- against -** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **THE CITY OF NEW YORK, ERIC ADAMS, AS MAYOR, THE NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, SUE DONOGHUE, AS COMMISSIONER** | |
| **Defendants.** | |

Plaintiffs JOSEPH CUSIMANO and JAMES SCHULTZ ("Plaintiffs"), individually and on behalf of all others similarly situated, upon personal knowledge as to themselves, and upon information and belief as to other matters, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, THE CITY OF NEW YORK, ("New York City") ERIC ADAMS, AS MAYOR, THE NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION ("DPR"), SUE DONOGHUE, AS COMMISSIONER (collectively, "Defendants"), and allege as follows:

### INTRODUCTION

1.     Plaintiffs bring this action on behalf of themselves and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendant: (1) unpaid overtime wages, (2) unpaid wages due to off-the-clock work, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiffs also bring this action on behalf of themselves and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendant: (1) unpaid overtime wages, (2) unpaid wages due to off-the-clock work, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4.      This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiffs*

7.      Plaintiff Joseph Cusimano is an adult who resides in Suffolk County, New York.

8.      Plaintiff Joseph Cusimano is a covered employee within the meaning of the FLSA and NYLL.

9.      Plaintiff Joseph Cusimano retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and has agreed to pay the firm a reasonable fee for its services.

10.     Plaintiff James Schultz is an adult who resides in Suffolk County, New York.

11.     Plaintiff James Schultz was a covered employee within the meaning of the FLSA and NYLL.

12.     Plaintiff James Schultz retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and has agreed to pay the firm a reasonable fee for its services.

### *Defendants*

13.     Defendant New York City is, among other things, an incorporated municipality of the State of New York amendable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).  New York City has a principal office and place of business located at Broadway and Park Row, New York, New York and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, New York 10007.

14.     Defendant Eric Adams is the mayor of the City of New York, and is named in this action in his official capacity as mayor of the City of New York.

15.     Defendant New York City Department of Parks and Recreation is a mayoral agency duly organized and existing under the New York City Charter, and is amendable to suit under the FLSA in that it is, and was all times material hereto, a public agency within the meaning of Section 3(c) of the FLSA, 29 U.S.C. § 203(x).  The New York City Department of Parks and Recreation has its principal office located at Arsenal North, 1234 Fifth Avenue, New York, New York 10029.

16.      Defendant Sue Donoghue is the Commissioner of the New York City Department of Parks and Recreation, and is named in this action in her official capacity as Commissioner of the New York City Department of Parks and Recreation.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiffs bring the First Cause of Action, the FLSA claims, on behalf of themselves and all similarly situated current and former non-exempt employees who worked for the New York City Department of Parks and Recreation as a climber/pruner for at least one week at any time from the date that is three (3) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

18.     At all relevant times, Plaintiffs and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiffs and FLSA Collective Members the full and proper wages for all hours worked. Specifically, Defendant failed to pay overtime pay for all hours worked in excess of forty (40) per workweek and failed to pay wages for off-the-clock work to Plaintiffs and FLSA Collective Members. Plaintiffs' claims stated herein are essentially the same as those of the other FLSA Collective Members.

19.     All of the work that Plaintiffs and FLSA Collective Members have performed have been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and FLSA Collective Members have performed.

20.     Defendant is aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

21.     For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendant's records.

## NEW YORK CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of themselves and a class of persons consisting of current and former non-exempt employees who worked for the New York City Department of Parks and Recreation as a climber/pruner for at least one week at any time from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

23.     Excluded from the Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

24.     The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendant's payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendant's records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendant's records. Notice can be provided by means permissible under Rule 23.

25.     The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

26.     Plaintiffs' claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

27.     Plaintiffs and Class Members were subject to the same practices of Defendant, as alleged herein, of failing to pay overtime wages and failing to pay wages for off-the-clock work in violation of the NYLL.

28.     Plaintiffs and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

29.     Plaintiffs and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures under the NYLL.

30.     Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiffs and individual Class Members and include, but are not limited to, the following:

    a.  Whether Defendant employed Plaintiffs and Class Members within the meaning of the NYLL;

    b.  Whether Defendant paid Plaintiffs and Class Members the lawful overtime wages for hours worked in excess of forty (40) per workweek; and

    c.  Whether Defendant failed to pay Plaintiffs and Class Members for off-the-clock work.

31.     Plaintiffs are able and willing to fairly and adequately protect the interests of Class Members, and have no interests antagonistic to Class Members.

32.     Plaintiffs are represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

33.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

34.     On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

35.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

36.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF FACTS

37.     Plaintiff Joseph Cusimano worked for DPR as a climber and pruner from around August 2013 through the present.

38.     Plaintiff James Schultz worked for DPR as a climber and pruner from on or around September 17, 1997 through the present.

39.     As climber and pruners Plaintiffs' primary duties involved pruning and removing trees on New York City sidewalks/streets and in parks.  Plaintiffs generally worked in Queens, but occasionally were called to work in other boroughs, including the Bronx, Manhattan, Staten Island, and Queens.

40.     Prior to around December 15, 2023, Plaintiffs were required to perform a significant amount of pre-shift work off the clock for which they did not receive any compensation.

41.     Specifically, prior to December 15, 2023, Plaintiff Cusimano arrived at the DPR maintenance facility in Flushing, New York around 5:20 a.m. and would clock-in by 5:30 a.m. Plaintiff Schultz generally arrived and clocked-in between 5:30 a.m. to 5:45 a.m.

42.     From 5:30 a.m. to 6:30 a.m. Plaintiffs, as well as similarly situated climber/pruners, performed various required tasks including, but not limited to: performing a DOT inspection of their work truck (checking fuel and oil levels, tire pressure, visual inspection of interior and

exterior of the vehicle), cleaning the interior and exterior of the truck, performing required repair or maintenance work on the truck, preparing equipment, and donning safety gear.

43.     At 6:30 a.m. Plaintiffs were required to leave the facility to begin work in the field. Thus, the period from 5:30 a.m. to 6:30 a.m. was the only available time to perform the aforementioned tasks.   Plaintiffs' supervisors were aware that Plaintiffs, Collective Action Members and Class Members were performing this work.

44.     Despite Plaintiffs, Collective Action Members, and Class Members clocking in and starting work between 5:20 a.m. and 5:45 a.m., Defendants only compensated Plaintiffs starting at 6:30 a.m., after they had left the maintenance facility.

45.     Prior to December 15, 2023, Plaintiffs worked five days per week from around 5:30 a.m. to 3:00 p.m. with a 30-minute lunch break for a total of forty-five (45) hours per week. However, Plaintiffs were only paid for a total of forty (40) hours per week.

46.     According to the Collective Bargaining Agreement ("CBA") between New York City and DC 37 Local 1506, overtime is due after eight hours of work each day or 40 hours per week, whichever is less.

47.     On or around December 15, 2023, Defendants corrected the above issues and starting paying Plaintiffs, Collective Action Members and Class Members at 5:30 a.m.  However, Defendants have failed to pay any unpaid regular or overtime wages for the period prior to December 15, 2023.

48.     Defendants knowingly and willfully operated with a policy of failing to pay the full amount of regular and overtime wages for off-the-clock work to Plaintiffs, FLSA Collective Members and Class Members, in violation of the FLSA and NYLL.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
#### *Violation of the Fair Labor Standards Act*

49.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

50.     The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendant and protect Plaintiffs and FLSA Collective Members.

51.     Defendant failed to pay Plaintiffs and FLSA Collective Members the lawful overtime wages for all hours worked in excess of forty (40) per workweek at a rate not less than one and one-half times the employees' regular rate of pay, in violation of the FLSA.

52.     Defendant failed to pay wages to Plaintiffs and FLSA Collective Members for off-the-clock work, in violation of the FLSA.

53.     Defendant failed to properly disclose or apprise Plaintiffs and FLSA Collective Members of their rights under the FLSA.

54.     Defendant's unlawful conduct has been willful and intentional. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Members the lawful wages for all hours worked when Defendant knew or should have known such was due. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and FLSA Collective Members.

55.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

56.    As a result of Defendant's willful violations of the FLSA, Plaintiffs and FLSA Collective Members have suffered damages by being denied the full and proper wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

57.    Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Members and the actual compensation paid to Plaintiffs and FLSA Collective Members should be in the possession and custody of Defendant. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## SECOND CAUSE OF ACTION
### *Violation of the New York Labor Law*

58.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

59.    At all times relevant, Plaintiffs and the Class have been employees of Defendant, and Defendant has been an employer of Plaintiffs and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

60.    Defendant failed to pay Plaintiffs and Class Members the lawful overtime wages for all hours worked in excess of forty (40) per workweek at a rate not less than one and one-half times the employees' regular rate of pay, in violation of the NYLL.

61.    Defendant failed to pay wages to Plaintiffs and Class Members for off-the-clock work, in violation of the NYLL.

62.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of the hours worked by Plaintiffs and Class Members as required by the NYLL and the supporting New York State Department of Labor Regulations.

63.     Defendant failed to properly disclose or apprise Plaintiffs and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

64.     As a result of Defendant's willful violations of the NYLL, Plaintiffs and the Class are entitled to recover from Defendant: unpaid overtime wages, unpaid wages for off-the-clock work, liquidated damages, statutory penalties, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Members and the Class, respectfully request that this Court grant the following relief:

a.  Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b.  Certification of this case as a class action pursuant to Rule 23;

c.  Designation of Plaintiffs as representatives of the Class and counsel of record as Class Counsel;

d.  An award of unpaid overtime wages due under the FLSA and NYLL;

e.  An award of unpaid wages for off-the-clock work, due under the FLSA and NYLL;

f.  An award of unlawfully deducted wages due under the NYLL;

g.  An award of liquidated damages for Defendant's failure to pay wages, due under the FLSA or NYLL;

h.  Statutory penalties for Defendants' failure to provide Plaintiffs and Class Members with proper wage notices, as required by the NYLL;

i.  Statutory penalties for Defendants' failure to provide Plaintiffs and Class Members with proper wage statements, as required by the NYLL;

j.  Pre-judgment and post-judgment interest;

k.  Reasonable attorneys' fees and costs of this action;

l.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

m.  An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

n.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated:  April 15, 2024                              Respectfully submitted,

                                                    **BROWN, KWON & LAM LLP**

                                        By:     _/s/ William Brown_____

                                                    William Brown, Esq. (WB6828)
                                                    Angela Kwon, Esq. (AK1396)
                                                    521 Fifth Avenue, 17th Floor
                                                    New York, NY 10175
                                                    Tel.: (718) 971-0326
                                                    Fax: (718) 795-1642
                                                    akwon@bkllawyers.com
                                                    wbrown@bkllawyers.com
                                                    *Attorneys for Plaintiffs*

## **CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT**

I, JOSEPH CUSIMANO hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in

an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against THE CITY OF

NEW YORK, ERIC ADAMS, AS MAYOR, THE NEW YORK CITY DEPARTMENT OF

PARKS AND RECREATION, SUE DONOGHUE, AS COMMISSIONER and/or related entities

and individuals to recover unpaid wages, liquidated damages, and other damages and relief

available under the Fair Labor Standards Act.

Name: Joeph Cusimano

Date: _____3/6/2024_____

DocuSign Envelope ID: B32EA556-C914-40B7-83AB-6609EC5341D4

## **CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT**

I, JAMES SCHULTZ hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against THE CITY OF NEW YORK, ERIC ADAMS, AS MAYOR, THE NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, SUE DONOGHUE, AS COMMISSIONER and/or related entities and individuals to recover unpaid wages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act.

DocuSigned by:

_____
48AAA94ACD98455...

Name: James Schultz

Date: _____
3/22/2024